JOHN L. BURRIS ESQ., SBN 69888
LATEEF GRAY, ESQ., SBN 250055
JAMES COOK ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com
james.cook@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN WRIGHT-TURBIN, an individual; CLIFTON GUPTON, an individual, | CASE NO.: 3:16-cv-7393 |
| Plaintiffs, | COMPLAINT FOR DAMAGES (42 U.S.C §§ 1983, 1988; and pendent tort claims) |
| v. | **JURY TRIAL DEMANDED** |
| CITY OF OAKLAND, a municipal corporation; WILLIAM FEBEL, individually and in his capacity as Police Officer for the CITY OF OAKLAND; JASON BELLIGAN, individually and in his capacity as Police Officer for the CITY OF OAKLAND; and DOES 1-50, inclusive, individually and in their official capacity as Police Officers for the CITY OF OAKLAND, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Sections 52.1, and under the common law of California. This action is against the CITY OF OAKLAND, OFFICERS FEBEL and BELLIGAN of the CITY OF OAKLAND Police Department, and DOES 1-25.

2. It is also alleged that these violations and torts were committed during the course and scope of the above mentioned officers' employment with the CITY OF OAKLAND Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, California, which is within the jurisdictional boundaries of this Court. The damages sought are within the jurisdictional limits of this Court.

## PARTIES

4. Plaintiff EVELYN WRIGHT-TURBIN (hereinafter "PLAINTIFF WRIGHT-TURBIN"), has been and is a resident of the state of California and is a United States Citizen.

5. Plaintiff CLIFTON GUPTON (hereinafter "PLAINTIFF GUPTON"), has been and is a resident of the state of California and is a United States Citizen.

6. Defendant CITY OF OAKLAND (hereinafter "CITY"), is and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California. Under its authority, CITY operates the Oakland Police Department.

7. Defendant WILLIAM FEBEL (hereinafter "DEFENDANT FEBEL"), was and at all times mentioned herein, an Officer for the Oakland Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakland Police Department.

8. Defendant JASON BELLIGAN (hereinafter "DEFENDANT BELLIGAN"), was and at all times mentioned herein, an Officer for the Oakland Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakland Police Department.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act of omission. Plaintiffs will ask leave to amend ther complaint subject to further discovery.

10. In engaging in the conduct alleged herein, Defendant police officers acted under the color of law and in the course and scope of their employment with City of Oakland Police Department. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of the City of Oakland Police Department.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiffs filed a claim against the City of Oakland on August 24, 2015. The City of Oakland rejected the claim on June 29, 2016.

## FACTUAL ALLEGATIONS

12. In 1987, Plaintiff Wright-Turbin, broke the tibia in her left leg after she was involved in a major car accident. After the accident, Plaintiff Wright-Turbin continued to suffer complications as a result of the structural damage to her leg. Sometime in 2014, Plaintiff Wright-Turbin began to

suffer from an unbearable pain in her left knee. On February 2, 2015, Plaintiff Wright-Turbin underwent a knee replacement at Alta Bates Summit Medical Center in Berkeley, California.

13. On the date of the incident, February 24, 2015, Plaintiff Wright-Turbin was asleep on the living room couch in her apartment, recovering from her knee replacement. Plaintiff Gupton was asleep in the bedroom. At approximately 2:30 p.m., Plaintiff Wright-Turbin was awoken by the sound of aggressive knocking at her front door and the adjacent windows. Confused, Plaintiff Wright-Turbin managed to make her way to her front door. When Plaintiff Wright-Turbin got to the front door, she asked, "Who is it?", then proceeded to look out the window. When Plaintiff Wright-Turbin looked out the window, she saw Defendants Febel, Belligan, and seven yet-to-be identified Oakland Police Department Officers. The Defendant officers drew their guns and lifted up a battering-ram. The Defendants told Plaintiff Wright-Turbin that if she did not open the door, they would enter her apartment by force. Afraid, Plaintiff Wright-Turbin opened her door. Without justification, the Defendant officers immediately grabbed Plaintiff Wright-Turbin. In a move of desparation, Plaintiff Wright-Turbin lifted up her pant leg and told the Defendant officers that she recently had a knee replacement. Even still, without regard for Plaintiff Wright-Turbin's condition, the Defendant officers forcefully removed Plaintiff Wright-Turbin from her apartment. The Defendant officers proceeded to throw Plaintiff Wright-Turbin down the steps that led to her apartment, injuring her surgically replaced knee in the process. The Defendants then dragged Plaintiff Gupton out of the apartment and threw him down the stairs. The Defendant Officers handcuffed both Plaintiff Wright-Turbin and Plaintiff Gupton.

14. During the course of the incident, Plaintiff Wright-Turbin pleaded with the defendant officers. Plaintiff Wright-Turbin told the officers that they had the wrong apartment. In response, the seargeant on the scene said, "so what?" and "take it up with the people up front."

15. The search warrant listed 2230 84th Avenue, Apt. A Oakland, CA, 94605 as the addressed to be searched. The address listed was Plaintiff Wright-Turbin's address, however, the officers were looking for suspected drug dealer, Walter Ozell Cooper. Mr. Cooper did not live at the listed address, nor did he have any connection to Plaintiffs Wright-Turbin or Gupton.

16. On information and belief, the search warrant was issued as the consequence of Defendants' failure to exercise reasonable care in the investigation and presentation of accurate statements that were essential to the finding of probable cause for the warrant.

17. Plaintiffs allege that only unreasonable officers would execute a search warrant in the manner and under the circumstances the Defendant officers did, that Plaintiffs Wright-Turbin and Gupton never presented any threat to anyone that could justify the amount of force that Defendant officers used, and that the Defendant officers had a clear opportunity to evaluate the situation and determine that the search warrant was flawed.

18. As a result of the incident, Plaintiff Wright-Turbin has experienced extreme pain and suffering. Plaintiff Wright-Turbin's surgically replaced knee was injured and required additonal months of treatment in order to heal properly. In addition, Plaintiffs Wright-Turbin and Gupton currently suffer from paranoia, anxiety, and emotional distress as a consequence of the unlawful search.

19. The actions and omissions of the City and the Defendant Oakland Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions. The City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

## **DAMAGES**

20. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

21. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983,

1985-86 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution-Unlawful Search**
**(42 U.S.C. §1983)**
**(Plaintiff Wright-Turbin v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

22. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct violated Plaintiff Wright-Turbin's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures as Defendants had no legal justification to search Plaintiff Wright-Turbin's apartment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution-Unlawful Detention**
**(42 U.S.C. §1983)**
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 of this Complaint.

25. Defendants' above-described conduct violated Plaintiffs' rights as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked any legal justification to detain Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution-Excessive Force**
**(42 U.S.C. §1983)**
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

26. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 25 of this Complaint

27. Defendants' above-described conduct constituted violations of Plaintiffs' rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
(*Monell* - 42 U.S.C. Section 1983)
(Against Defendants City and DOES 11-25)

28. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 27 of this Complaint.

29. As against Defendants City, and/or DOES 11-25 and/or each of them, individually and/or in their capacities as official policy-maker(s) for City, including the District Attorney's Office. Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant City and are tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

30. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Febel, Belligan, DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by Oakland Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

31. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate

indifference by Defendants City, Officers Febel, Belligan, DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by the Oakland Police Department.

32. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

33. The aforementioned deliberate indifference, customs, policies or practices of Defendants City, Febel, Belligan, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiffs, including, but not limited to, the right to be free from unreasonable searches and/or seizures.

34. As a result of the violation of their constitutional rights by Defendants City, Febel, Belligan, and/or DOES 1-25 and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-25, inclusive)**

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant Officers Febel, Belligan, and Defendant DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Febel, Belligan and DOES 1-25 pursuant to section 815.2 of the California Government Code.

39. At all times herein mentioned, Defendants Febel, Belligan and DOES 1-25, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force. In addition, Defendants, and each of them, had a duty to exercise reasonable care in the investigation of factual circumstances presented for the purpose of obtaining a search warrant. Defendants, and each of them, knew or should have known that Walter Ozell Cooper was neither a resident, nor had any connection to the address of 2230 84th Avenue, Apt. A, Oakland, California.

40. Defendants, and each of them, by and through their agents, joint venture, and/or employees acting within the scope of their employment and/or authority, negligently and carelessly:

a) failed to exercise reasonable care in presenting accurate statements of fact essential to the finding of probable cause in obtaining the search warrant;

b) failed to take reasonable precautions to prevent injuries, including the failure to prevent, control, rectify, and/or remedy the situation created by Defendants, and each of them;

41. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and proximately caused Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Assault And Battery)
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint.

43. Defendant officers placed Plaintiffs in immediate fear of bodily harm by grabbing Plaintiffs without just provocation or cause.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
### (False Imprisonment)
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

44. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 43 of this Complaint.

45. Defendants' above-described actions constituted an intentional unpermitted act that restrained Plaintiffs without legal justification.

46. Defendants deprived Plaintiffs of their liberty of movement when they carelessly misidentified Plaintiff Wright-Turbin's residence. Further, Defendants restrained, confined, and detained Plaintiffs for an appreciable time, without Plaintiffs' knowing and voluntary consent, when they wrongfully placed Plaintiffs in handcuffs for the duration of the unlawful search.

47. Defendant's above-described conduct constituted a false arrest and imprisonment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
**(Plaintiffs Wright-Turbin and Gupton v. Defendants Febel, Belligan, and DOES 1-10, inclusive)**

48. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint.

49. Defendants' above-described conduct was extreme, unreasonable and outrageous.

50. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

51. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: December 29, 2016

   /s/ John L. Burris
John L. Burris Esq.,
Attorney for Plaintiffs