BARBARA J. PARKER, City Attorney - State Bar #069722
OTIS McGEE, Jr., Chief Asst. City Attorney – State Bar #71885
COLIN T. BOWEN, Supervising Trial Atty. – State Bar # 152489
CHARLES E. VOSE, Senior Deputy City Atty. – State Bar #139700
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2961    Fax: (510) 238-6500
30763:2205422

Attorneys for Defendants
CITY OF OAKLAND, WILLIAM FEBEL,
And JASON BELLIGAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN WRIGHT-TURBIN, an individual; CLIFTON GUPTON, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, a municipal corporation; WILLIAM FEBEL, individually and in his capacity as Police Officer for the CITY OF OAKLAND; JASON BELLIGAN, individually and in his capacity as Police Officer for the CITY OF OAKLAND; and DOES 1-50, inclusive, individually and in their official capacity as Police Officers for the CITY OF OAKLAND,<br><br>    Defendants. | Case No. 4:16-cv-07393 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  August 22, 2017<br>Time:  2:30 p.m.<br>Courtroom:  TBD |

The Parties to this action have conferred as required by Federal Rule of Civil Procedure 26(f) and Local Rule 16, and file this Joint Case Management Statement addressing the topics set forth in the Standing Order for All Judges of the Northern District of California.

1.  <u>Jurisdiction and Service</u>: The Court has jurisdiction under 42 U.S.C. § 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

There are no issues regarding either personal jurisdiction or venue. Service on all named defendants is complete.

2. Facts:

Plaintiffs' Version of Facts:

In 1987, Plaintiff Wright-Turbin, broke the tibia in her left leg after she was involoved in a major car accident. After the accident, Plaintiff Wright-Turbin continued to suffer complications as a result of the structural damage to her leg. Sometime in 2014, Plaintiff Wright-Turbin began to suffer from an unbearable pain in her left knee. On February 2, 2015, Plaintiff Wright-Turbin underwent a knee replacement at Alta Bates Summit Medical Center in Berkeley, California.

On the date of the incident, February 24, 2015, Plaintiff Wright-Turbin was asleep on the living room couch in her apartment, recovering from her knee replacement. Plaintiff Gupton was asleep in the bedroom. At approximately 2:30 p.m., Plaintiff Wright-Turbin was awoken by the sound of aggressive knocking at her front door and the adjacent windows. Confused, Plaintiff Wright-Turbin managed to make her way to her front door. When Plaintiff Wright-Turbin got to the front door, she asked,"Who is it?", then proceeded to look out the window. When Plaintiff Wright- Turbin looked out the window, she saw Defendants Febel, Belligan, and seven yet-to-be identified Oakland Police Department Officers.

The Defendant officers drew their guns and lifted up a battering-ram. The Defendants told Plaintiff Wright-Turbin that if she did not open the door, they would enter her apartment by force. Afraid, Plaintiff Wright-Turbin opened her door. Without

justification, the Defendant officers immediately grabbed Plaintiff Wright-Turbin. In a move of desparation, Plaintiff Wright-Turbin lifted up her pant leg and told the Defendant officers that she recently had a knee replacement. Even still, without regard for Plaintiff Wright-Turbin's condition, the Defendant officers forcefully removed Plaintiff Wright-Turbin from her apartment.

The Defendant officers proceeded to throw Plaintiff Wright-Turbin down the steps that led to her apartment, injuring her surgically replaced knee in the process. The Defendants then dragged Plaintiff Gupton out of the apartment and threw him down the stairs. The Defendant Officers handcuffed both Plaintiff Wright-Turbin and Plaintiff Gupton.

During the course of the incident, Plaintiff Wright-Turbin pleaded with the defendant officers. Plaintiff Wright-Turbin told the officers that they had the wrong apartment. In response, the seargeant on the scene said, "so what?" and "take it up with the people up front."

The search warrant listed 2230 84th Avenue, Apt. A Oakland, CA, 94605 as the addressed to be searched. The address listed was Plaintiff Wright-Turbin's address, however, the officers were looking for suspected drug dealer, Walter Ozell Cooper. Mr. Cooper did not live at the listed address, nor did he have any connection to Plaintiffs Wright-Turbin or Gupton.

On information and belief, the search warrant was issued as the consequence of Defendants' failure to exercise reasonable care in the investigation and presentation of accurate statements that were essential to the finding of probable cause for the warrant.

Plaintiffs allege that only unreasonable officers would execute a search warrant in the manner and under the circumstances the Defendant officers did, that Plaintiffs Wright-Turbin and Gupton never presented any threat to anyone that could justify the amount of force that Defendant officers used, and that the Defendant officers had a clear opportunity to evaluate the situation and determine that the search warrant was flawed.

As a result of the incident, Plaintiff Wright-Turbin has experienced extreme pain and suffering. Plaintiff Wright-Turbin's surgically replaced knee was injured and required additonal months of treatment in order to heal properly. In addition, Plaintiffs Wright-Turbin and Gupton currently suffer from paranoia, anxiety, and emotional distress as a consequence of the unlawful search.

The actions and omissions of the City and the Defendant Oakland Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions. The City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

Defendants' Version of Facts: On February 24, 2015, officers with the Oakland Police Department served a valid search warrant at 2230 84th Avenue, Apartment A. Plaintiffs resided at that address on that date. The individual named in the search warrant

was Walter Ozell Cooper, Jr. Mr. Cooper had listed that address in numerous documents obtained by the Oakland Police Department. While Plaintiffs denied that Mr. Cooper lived at the address, he was arrested during the execution of the search warrant outside of this apartment.

As is clear from the Personal Digital Recording Device ("PDRD") footage of several officers, Plaintiffs were carefully escorted from the residence once they opened the front door of the apartment. They were not "thrown down the steps leading to the apartment" as alleged by Plaintiffs. They were briefly detained and once the officers completed searching the apartment, Plaintiffs were escorted back into the apartment. The apartment was not ransacked and was left in virtually the same manner as when officers entered the apartment.

3. <u>Legal Issues</u>:

Plaintiffs claim that officers with the Oakland Police Department unlawfully searched and detained them and in doing so committed excessive force, violated Plaintiffs' state civil rights, were negligent, assaulted and battered Plaintiffs, falsely imprisoned Plaintiffs, and intentionally inflicted emotional distress on Plaintiffs. Plaintiffs also claim Monell violations against the City of Oakland.

Defendants deny Plaintiffs' claims.

4. <u>Motions</u>: There are no pending or prior motions. Defendants anticipate filing a dispositive motion as to all claims.

5. <u>Amendment of Pleadings</u>: The parties do not anticipate any amendments to the pleadings.

6. <u>Evidence Preservation</u>: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have met and conferred pursuant to Fed.R.Civ.Proc. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident

in this action.

7. <u>Disclosures</u>: The parties will exchange initial disclosure requirements pursuant to Fed.R.Civ.P. Rule 26 before the date of the Initial Case Management Conference. Defendant will identify witnesses and identify and produce non-privileged documents relevant to plaintiff's claims. Defendant will also produce the search warrant and the Personal Data Recording Device ("PDRD") footage of several officers involved in the search.

8. <u>Discovery</u>: No discovery has taken place to date. The parties anticipate the need for expert testimony, disclosure, and discovery in this case. The parties propose the following discovery plan:

Each side may take up to ten (10) depositions not including expert depositions.

Each party may propound up to twenty-five (25) Interrogatories.

Each party may propound up to twenty-five (25) Request for Production of Documents.

Each party may propound up to twenty-five (25) Request for Admissions.

There are no known discovery disputes at this time.

9. <u>Class Actions</u>: This is not a class action.

10. <u>Related Cases</u>: There are no known related cases.

11. <u>Relief</u>: Plaintiffs seek general, special, and punitive damages, attorneys' fees, and costs of suit.

12. <u>Settlement and ADR</u>: The parties have discussed ADR and possibilities for settlement, and agree that this case is suitable for the Northern District's ADR program.

13. <u>Magistrate Judge</u>: All parties will consent to a magistrate judge conducting all further proceedings including trial and entry of judgment in this case.

14. <u>Other References</u>: The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict

Litigation.

15. <u>Narrowing of Issues</u>: The parties may be able to narrow factual issues either by their complete resolution in motions for summary judgment, or by the presentation of stipulated evidence at trial, and commit their good faith efforts to so doing. The parties do not anticipate requesting bifurcation of issues, claims, or defenses, and do not so request at this time.

16. <u>Expedited Trial Procedure</u>: This case is not the type that can be handled under the Expedited Trial Procedure of General Order No. 64.

17. <u>Scheduling</u>: The parties propose the following dates:

| | |
|---|---|
| Designation of experts: | Monday, April 2, 2018. |
| Discovery Cutoff: | Monday, April 30, 2018. |

"Discovery Cutoff" means that all discovery requests are served on a date from which responses will be due on or before the cutoff date; depositions are completed; and any discovery motions are properly noticed to be heard on or before the cutoff date.

| | |
|---|---|
| Hearing of Dispositive Motions: | Tuesday, July 10, 2018. |
| Pretrial Conference: | Monday, September 10, 2018. |
| Trial: | Monday, October 8, 2018. |

18. <u>Trial</u>: The case will be tried to a jury and is expected to require no more than seven court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, in which Plaintiff disclosed that no non-party has a financial interest in the subject matter in controversy or a party to the proceeding, or any other kind of interest that would be substantially affected by the outcome of the proceedings. Defendant is not required to file this certificate.

20. <u>Professional Conduct</u>: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

-7-
JOINT CASE MANAGEMENT STATEMENT    16-cv-07393-CW

21. There are no other matters to address at this time.

Respectfully submitted,

Dated: August 9, 2017

BARBARA J. PARKER, City Attorney
OTIS McGEE, Jr., Chief Assistant City Attorney
COLIN T. BOWEN, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney

By: _____/ S /_____
Attorneys for Defendants
CITY OF OAKLAND, WILLIAM FEBEL, and
JASON BELLIGAN

Dated: August 9, 2017

JOHN L. BURRIS, ESQ.
LATEEF GRAY, ESQ.
LAW OFFICES OF JOHN L. BURRIS

_____/ S /_____
Attorneys for Plaintiffs
EVELYN WRIGHT-TURBIN &
CLIFTON GUPTON